1  Ronald L. Richman, SBN 139189
   Susan J. Olson, SBN 152467
2  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
3  San Francisco, California 94108
   Telephone: 415.352.2700
4  Facsimile: 415.352.2701
   E-Mail: ron.richman@bullivant.com
5  E-Mail: susan.olson@bullivant.com

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 BOARD OF TRUSTEES OF THE
   LABORERS HEALTH AND WELFARE          Case No.: CV 08 5138 MEJ
11 TRUST FUND FOR NORTHERN
   CALIFORNIA; BOARD OF TRUSTEES OF     **STIPULATED PROTECTIVE ORDER**
12 THE LABORERS VACATION-HOLIDAY        **AND REQUEST FOR STAY; ORDER**
   TRUST FUND FOR NORTHERN              **THEREON**
13 CALIFORNIA; BOARD OF TRUSTEES OF
   THE LABORERS PENSION TRUST FUND
14 FOR NORTHERN CALIFORNIA; and         Date:    February 19, 2009
   BOARD OF TRUSTEES OF THE             Time:    10:00 a.m.
15 LABORERS TRAINING AND RETRAINING     Ctroom:  B, 15th Floor
   TRUST FUND FOR NORTHERN                       Hon. Maria-Elena James
16 CALIFORNIA,

17              Plaintiffs,

18      v.

19 Davis Moreno Construction, Inc., a California
   Corporation,
20
                Defendants.
21

22              **STIPULATION**

23      IT IS HEREBY STIPULATED by and between Plaintiffs Laborers Health and Welfare

24 Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern

25 California, Laborers Pension Trust Fund for Northern California, and Laborers Training and

26 Retraining Trust Fund for Northern California ("Laborers Trust Funds"), on the one hand, and

27 Defendant Davis Moreno Construction, Inc. ("Davis Moreno"), on the other hand, through their

28 respective counsel, as to the following.

                            – 1 –

1.     On November 12, 2008 Plaintiffs Laborers Trust Funds filed their Complaint for Damages for Breach of Collective Bargaining Agreement and For a Mandatory Injunction ("Complaint"). Plaintiffs seek to conduct an audit of Defendant's books and records to determine if Defendant properly reported and paid its trust fund contributions on behalf of its covered workers.

2.     Defendant Davis Moreno was served with the lawsuit and filed an answer to the complaint on December 5, 2009.

3.     Defendant has asserted that plaintiffs' request for an audit has been overbroad and also in violation of the privacy rights that may attach to individuals that are not members of the union, nor are they individuals within trades or crafts that would be potentially subject to union control or that the information is confidential trade secret or confidential information of Defendants.

4.     Notwithstanding the dispute between the parties, defendant, Davis Moreno agrees to allow auditors selected by the plaintiffs to appear at defendant's business location and audit the relevant books and records of Davis Moreno. The inspection and audit shall be conducted and completed by June 1, 2009. This inspection and audit shall not include payroll records of anyone within management of Davis Moreno including its corporate officers, directors or shareholders, individuals who are working in the office, such as clerical, administrative and accounting or individuals within the estimating and bidding department of the defendant, except as provided for in paragraph 5(a), below.

5.     Accordingly, with the limitations set forth in the preceding paragraph, defendant will provide the following records to the auditors, that have been redacted to eliminate information pertaining to those individuals that are to be excluded as set forth in the paragraph 4, above. The records to be provided (redacted) are as follows: California Quarterly Report of Wages, Form DE-6; Federal Tax Forms, W3/W2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries,

– 2 –

for all employees to be provided; Contribution Reports for Trust Funds; Workers Compensation Reports; Certified Payroll Reports; Personnel Records including job classifications and hire/termination dates; Cash Disbursements Journal; Vendor Inventories; Copies of Subcontractor Agreements; Cash Receipts Journal; General Ledger; Job Cost Records; Records of Related Entities; and any other books and records that may be necessary to complete the auditors' determination or provide additional explanation, these documents are collectively referred to as "confidential records." Once the audit has been completed, Plaintiffs will provide the results of audit to Defendant Davis Moreno.

> (a)     It is understood and agreed that Defendant will produce redacted payroll records (to redact any information regarding wages/salaries and other benefits paid or provided) for all individuals excluded in Paragraph 4, above.  As to those individuals excluded in Paragraph 4, above, no information concerning compensation shall be provided.

6.     In addition to the Plaintiffs' auditors and the employees of Plaintiffs involved in reviewing, maintaining and collections on the Davis Moreno file, the confidential records will be disclosed to the following persons only:

> (a)     Counsel of record in this action and counsel's regularly employed support staff; and

> (b)     Any expert used as a consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case.

7.     Documents or other information designated as subject to this Stipulated Protective Order shall not be disclosed or shown to any other person or entity unless or until the side wishing to make such disclosure informs the other side and gives them a reasonable time to object, at least 30 calendar days.  In the event of objection, the Parties' respective counsel of record will make a good faith effort to resolve their dispute informally before filing any motion with the above-entitled Court relating to said dispute.  If an objection is made in writing, the document shall not be disclosed until the court has issued a decision determining that disclosure of the document is appropriate.

8.     Documents designated as subject to this Stipulated Protective Order or any information contained therein shall be used solely for the purpose of assisting counsel of record in connection with this litigation and not for any competitive or business purpose or any other purpose whatsoever or for any other litigation matter.

9.     The Parties' respective counsel of record agree to make all reasonable efforts to ensure compliance with this Stipulated Protective Order. Any person subject to this Stipulated Protective Order, to whom documents and other information designated are to be disclosed, shall first read a copy of this Stipulated Protective Order and agree to abide by the terms thereof. Any person subject to this Stipulated Protective Order and to whom documents and other information designated are to be disclosed, other than the Parties' respective counsel and employees, shall also be required to agree, in writing, to the Stipulated Protective Order.

10.     This Stipulated Protective Order is without prejudice to any Parties' right to object to production of any document or other disclosure of information on any ground it/he may deem appropriate, and any party or non-party may, upon duly noticed motion, seek relief from, or modification of, this Order based on a showing of good cause.

11.     The designation of any document as "confidential" or otherwise subject to this Stipulated Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any trade secret or confidential information in contemplation of law. No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any "confidential" designation.

12.     If designated documents or other information are improperly disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately inform the other party of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

– 4 –

13.     The Parties will, prior to commencement of trial, enter into mutually agreeable stipulations and protective orders with respect to any documents or other information to be disclosed during trial.  Any unresolved disputes shall be resolved in accordance with the rules of the United States District Court Northern District of California in San Francisco.   Any party intending to utilize any document designated as confidential in a law and motion matter or at trial should lodge the document under seal so as to preserve its confidentiality pending the Court's determination as to whether a privilege exists that precludes the use of the document as evidence or determining what safeguards should be utilized if the confidential documents are to be considered as evidence.

14.     Upon final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either:

(a)     assemble and return all designated material, including all copies thereof, to the producing party and certify in writing that all such material has been returned, or

(b)     certify in writing that all such material has been destroyed.

15.     The parties further agree to a stay of the above proceedings through June 1, 2009 so that the audit can be completed, the audit results provided to Defendant, and the parties can have an opportunity to meet and confer in an attempt to resolve any dispute regarding the audit results.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

STIPULATED PROTECTIVE ORDER AND REQUEST FOR STAY; ORDER THEREON

16.  It is understood and agreed that in the event that there is a dispute concerning whether information sought by Plaintiff is required by this stipulation to be provided, the Court shall have the right to determine whether or not the information sought is required to be produced.

DATED:  February 12, 2009

BULLIVANT HOUSER BAILEY PC


By _____/s/_____
Ronald L. Richman
Susan J. Olson

Attorneys for Plaintiffs

DATED:  February 12, 2009

LAW OFFICE OF RUSSELL D.COOK


By _____/s/_____
Russell D. Cook

Attorneys for Defendant


**ORDER**

The parties having submitted this Stipulated Protective Order and Request For Stay and good cause appearing:

IT IS HEREBY ORDERED that the Case Management Conference scheduled for February 19, 2009 shall be continued to July 16, 2009 at 10:00 a.m., Courtroom B, 15th Floor.  Further, the dates set forth in the Order Setting Initial Case Management Conference and ADR Deadlines are vacated.

The parties are required to submit a Joint Case Management Conference Statement seven (7) days prior to the new Case Management Conference advising this Court as to the

STIPULATED PROTECTIVE ORDER AND REQUEST FOR STAY; ORDER THEREON

1   status of the audit and the parties' informal attempts to resolve any dispute regarding the results

2   of audit.

3   DATED: February 13, 2009

4

5   By _____

    HON. MARIA ELENA JAMES

6   UNITED STATES MAGISTRATE JUDGE

7

8

9   11202143.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER AND REQUEST FOR STAY; ORDER THEREON